LEONARD F. HATCH, Trustee,

*vs.*

HOLLINGSWORTH & WHITNEY COMPANY.

Kennebec.    Opinion March 30, 1915.

*Bill in Equity.    Chap. 226 of Laws of 1909.    Cloud upon Title.    Deed.    Forfeiture.
Publication.    Recitals in Deed.    R. S., Chap. 9., Secs. 42-43-44.    Sale.
Taxes.    Title.    Treasurer's Deed.*

The defendant claims title to the land described in plaintiff's bill under a deed
from the treasurer of the State, dated November 30, 1909, having sold said
land for non-payment of taxes assessed thereon for the year 1907.

*Held:*

1.    The defendant, claiming the premises under a tax deed, given by an officer in
pursuance of the statute, must prove that, the officer complied with the pro-
visions prescribed in the statute, giving him the power of sale, for he is not only
bound to know the law, but also is bound if he desires to claim under the deed,
to see that all of the substantial requirements to authorize the sale have been
complied with.

2.    It is held to be a condition precedent to the passing of the title, at such sales,
that all of the proceedings of the officers who have anything to do with the list-
ing and valuation of the land, the levy and collection of the tax, the advertise-
ment and sale of the property, the return, filing, the record of the proceedings,
whether the acts are to be preformed before or after the sale, must be in strict
compliance with the statute authorizing the sale.

3.    The recitals in the deed are not evidence of the facts stated therein, and must
be shown by proof aliunde the deed.

4.    There being neither proof, nor admission that the facts recited in the treas-
urer's deed, prescribed by Sec. 42 of Chap. 9, R. S., were complied with, the
case does not show that the land had been forfeited; the State Treasurer had
no power of sale, and his deed to the defendant conveyed no right, title or
interest in the land of the plaintiff.

On report.    Bill sustained with costs.    Decree according to
opinion.

This is a bill in equity brought by the plaintiff for the purpose of
removing an alleged cloud upon his title to real estate in Day Academy

Grant, so called, in the County of Piscataquis. The defendant filed its answer to the bill and the plaintiff filed his replication thereto. By agreement of the parties, the case was reported to the Law Court, upon amended bill, amended answer, replication and proof, said proof to consist of the certified copy of the State Treasurer's records relating to the sale to defendant of land claimed by plaintiff, and also of certified copy of the tax deed filed by said defendant with the Clerk of Courts.

The case is stated in the opinion.

*Richard Webb*, for plaintiff.

*Andrews & Nelson*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. A bill in equity brought by the plaintiff to remove a cloud upon his title to real estate, in Day Academy Grant, so called, in Piscataquis County, and it is before this court upon report.

The report consists of the bill, answer, replication, a warranty deed to the plaintiff and Walter Merritt, as trustees for the Hojoalmean Club, dated May 22, 1900, duly recorded in the Registry of Deeds; a deed from the State Treasurer to the defendant, dated November 30, 1909, duly recorded in the Piscataquis County Registry of Deeds, and a certificate of a record from the State Treasurer's office, showing a sale for taxes of what is claimed to be the property described in said warranty deed, to the defendant November 30, 1909, the date of the tax deed above mentioned.

The report shows that Walter Merritt, one of the trustees named in the plaintiff's deed, is deceased, and the plaintiff is now the sole trustee under said deed for said club; that the legislature of 1907 assessed a tax on the premises of $1.05, and the County of Piscataquis assessed a tax of 0.32 for that year; that on the 30th day of November, 1909, the State Treasurer executed and delivered the writing purporting to be a deed to the defendant; that the plaintiff had no knowledge of said assessment, the property not having been assessed from the date of the deed under which he claims title to the date of the above assessment; that upon learning of said sale to the defendant he offered to reimburse the defendant for such sums as it had paid for said real estate, and expenses with interest thereon, and requested it

to give him a quitclaim deed to remove the cloud cast on the plaintiff's title by said tax deed, and the defendant refuses to abandon its pretended claim against said real estate.

The defendant claims that the premises conveyed to the plaintiff by the warranty deed dated May 22, 1900, have been forfeited to the State, and that it has acquired, by the Treasurer's deed of November 30, 1909, the title to the premises.

The defendant claiming the premises under a tax deed, given by an officer in pursuance of the statute, must prove that the officer complied with the provisions prescribed in the statute giving him the power of sale, for they are not only bound to know the law, but are also bound, if they desire to claim under the deed, to see that all of the substantial requirements to authorize the sale have been complied with.

It is held to be a condition precedent to the passing of the title at such sales, that all of the proceedings of the officers who have anything to do with the listing and valuation of the land, the levy and collection of the tax, the advertisement and sale of the property, the return, the filing, the record of the proceedings, whether the acts are to be performed before or after the sale, must be in strict compliance with the statute authorizing the sale. *Shimmin* v. *Inman,* 26 Maine, 228; *Smith* v. *Bodfish,* 27 Maine, 295; *Brown* v. *Veazie,* 25 Maine, 362; *Cushing* v. *Longfellow,* 26 Maine, 306; *Hobbs* v. *Clements,* 32 Maine, 67; *Mathews* v. *Light,* 32 Maine, 305; Bolster's Tax Collector, 21.

The recitals in the deed are not evidence of the facts stated, and "must be shown by proof aliunde the deed." *Bank* v. *Parsons,* 86 Maine, 514; *Phillips* v. *Sherman,* 61 Maine, 548, 554; *Bennett* v. *Davis,* 90 Maine, 102; *Green* v. *Martin,* 101 Maine, 232; and Blackwell on Tax Titles, 72.

The defendant claims, (as the record from the office of the State Treasurer states), that the sale was as provided by Chap. 226 of the Laws of 1909, which amended Sec. 44, Chap. 9, R. S. To make a valid sale under the laws of 1909 the land must have been forfeited, as provided in Secs. 42 and 43, R. S., Chap. 9, and amended by Chap. 235 of the Laws of 1909, which reads:

"Sec. 42. When the legislature assesses such state tax, the treasurer of state shall, within three months thereafter, cause the lists of such assessments, together with the amounts of county tax on said

lands so certified to him, both for the current year, to be advertised for three weeks successively in the state paper, and in some newspaper, if any, printed in the county in which the land lies, and shall cause like advertisement of the lists of such state and county taxes for the following year to be made within three months after one year from such assessment. Said lands are held to the state for payment of such state and county taxes, with interest thereon at the rate of twenty per cent to commence upon the taxes for the year for which such assessment is made at the expiration of six months and upon the taxes for the following year at the expiration of eighteen months from the date of such assessment."

Section 43 provides that if the taxes are not paid within the time specified after being advertised, as provided in section 42, the land "shall be wholly forfeited to the state, and vest therein free of any claim by any former owner."

If Secs. 42 and 43 of Chap. 9, as amended, were complied with, the treasurer was authorized to sell the property, as prescribed in section 44.

The deed recites, "Whereas the treasurer of state within three months after the assessment of said taxes by the legislature caused lists of such assessments, together with the amount of county tax on said lands lawfully forfeited to him, to be advertised for three weeks successively in the state paper, and in some newspaper printed in the county where each piece of said land lies (where any such was published), and did cause like advertisement of the lists of such state and county taxes for the following year to be made within three months after one year from said assessment." The recital in the deed is no proof of the facts stated, and the report does not show that the tax was advertised for three weeks successively in the state paper, and in some newspaper, if any, printed in the county in which the land lies, or that like advertisements of the lists of such State and county taxes for the following year were made within three months after one year from such assessment, as recited in the deed and as required by section 42 before the lands so advertised are declared forfeited to the State by section 43. The record from the office of the Treasurer, which states that prior to said sale within three months therefrom, "I caused notice of the time and place of said sale, a list of said tracts intended for sale, with the amount of such unpaid taxes, interest and cost on each parcel, as heretofore specified, to be published in the

Piscataquis Observer, a newspaper published in Piscataquis County, a list of all said tracts intended for sale which lie in that county, with the amount of such unpaid taxes, interest and cost on each parcel as above mentioned," is a record of proceedings under Sec. 44, Chap. 9, R. S., as amended.   As there is neither proof nor admission that the facts recited in the Treasurer's deed, prescribed by Sec. 42, Chap. 9, were complied with, the case does not show that the land had been forfeited, as provided in sections 42 and 43, and, not having been forfeited, the State Treasurer had no power of sale under section 44, which provides only for the sale of "land thus forfeited," and the so-called Treasurer's deed to the defendant conveyed no right, title or interest in the land of the plaintiff, as described in his warranty deed of May 22, 1900.

Other objections to the validity of the Treasurer's deed are urged, but as many of them have been passed upon by the court, and as the objection above considered disposes of the case finally, it is unnecessary to consider them.   The deed from the State Treasurer, under which the defendant claims, and the record thereof, constitutes a cloud upon the title of the plaintiff, which entitles him to the relief prayed for.

*Bill sustained with costs.*
*Decree according to opinion.*